FILED
United States Court of Appeals
Tenth Circuit

April 10, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

FRANK E. CRIM,

    Petitioner - Appellant,

v.

KAMERON HARVANEK,

    Respondent - Appellee.

No. 18-7049
(D.C. No. 6:15-CV-00297-RAW-KEW)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

Frank Crim, an Oklahoma state prisoner, filed a petition for relief under 28 U.S.C. § 2254. The district court denied Crim's petition, and Crim now seeks to appeal. We construe Crim's notice of appeal as a request for a certificate of appealability (COA) and, for the reasons discussed below, deny that request and dismiss this matter. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring petitioner to obtain COA before appealing order denying § 2254 petition); Fed. R. App. P. 22(b)(2) ("If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals.").

---

[*] This order isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

## Background

An Oklahoma jury convicted Crim of second-degree rape and lewd or indecent acts with a child under the age of 16. The trial court imposed concurrent prison sentences of 15 and 20 years, respectively. Crim appealed, alleging he was denied effective assistance of trial counsel in violation of the Sixth Amendment. The Oklahoma Court of Criminal Appeals (OCCA) rejected Crim's ineffective-assistance-of-counsel (IAC) claim on the merits, concluding that he failed to show trial counsel's performance was constitutionally deficient or that he suffered prejudice as a result of trial counsel's allegedly deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Accordingly, the OCCA affirmed Crim's convictions and sentence.

Crim then filed the instant § 2254 petition, in which he argued that the OCCA's decision was contrary to and an unreasonable application of clearly established federal law. *See* § 2254(d)(1). The district court disagreed and denied Crim's petition. It also declined to issue him a COA.

## Analysis

Crim now seeks a COA from this court so he can appeal the district court's order denying his § 2254 petition. *See* § 2253(c)(1)(A). We will grant his request only if he can make "a substantial showing of the denial of a constitutional right." § 2253(c)(2).

To the extent the district court rejected Crim's IAC claims on the merits, Crim can make the requisite showing by "demonstrat[ing] that reasonable jurists would

2

find the district court's assessment of the constitutional claims debatable or wrong."[1] *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). But to the extent the district court instead denied relief on procedural grounds—i.e., "without reaching [the] underlying constitutional claim[s]"—Crim must make an additional showing. *Id.* at 484. That is, he must establish both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis added).

Further, because the district court found (and Crim doesn't dispute) that the OCCA adjudicated his IAC claims on the merits, the OCCA's decision is entitled to significant deference under the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. *See* § 2254(d) (explaining that federal courts may grant habeas relief only if state court's merits decision was "contrary to, or involved an unreasonable application of, clearly established [f]ederal law" or was "based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate[-]court proceeding"); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Consequently, we must "incorporate AEDPA deference into our COA analysis" as we analyze Crim's IAC claims. *Dockins v. Hines*, 374 F.3d 935, 940 (10th Cir. 2004).

---

[1] Although Crim's § 2254 petition presented a single IAC claim, he advanced multiple theories to support that claim. For purposes of determining whether Crim is entitled to a COA to appeal any aspect of the district court's order denying his § 2254 petition, we treat each of Crim's supporting theories as a separate IAC claim.

To establish that counsel was constitutionally ineffective, Crim must make a two-part showing. First, he must demonstrate that counsel's performance was deficient—i.e., "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Second, Crim must demonstrate "that the deficient performance prejudiced the defense"—i.e., "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 687, 694. Critically, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. Thus, to the extent the OCCA determined that Crim failed to satisfy *Strickland*'s performance prong, our review of the OCCA's decision is "doubly deferential." *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (explaining that "[w]e defer to the state court's determination that counsel's performance was not deficient and, further, defer to the attorney's decision in how to best represent a client" (alteration in original) (quoting *Crawley v. Dinwiddie*, 584 F.3d 916, 922 (10th Cir. 2009))).

Although Crim's briefing is not entirely clear, it appears he seeks a COA to pursue four general IAC claims on appeal: he alleges that trial counsel was ineffective in failing to (1) "present[] a witness and exhibit list"; (2) "call the defendant's witnesses at trial"[2]; (3) "investigate discovery"; and (4) adequately cross-

---

[2] Crim also alleges that counsel performed deficiently in failing to "present mitigation evidence." Aplt. Br. 15. But this assertion appears to be duplicative of

examine certain witnesses. Aplt. Br. at 13–14. And he insists that in concluding otherwise, the OCCA issued a decision that is at least debatably contrary to and an unreasonable application of *Strickland*. *See* § 2254(d); *Slack*, 529 U.S. at 483–84. For the reasons discussed below, we disagree.

## I. Failure to File a Witness and Exhibit List and Failure to Call Crim's Witnesses at Trial

To the extent that Crim argues trial counsel performed deficiently in failing to file a witness and exhibit list—thus precluding counsel from calling any witnesses or introducing any exhibits—the district court noted that Crim relied solely on two letters. In the first, Crim instructed trial counsel to "destroy the victim's credibility" and "paint a different picture" of Crim at the sentencing hearing by presenting a Facebook message and calling certain individuals as witnesses. App. 34, 35. In the second, trial counsel refused to pursue these avenues; he explained to Crim that "[d]emeaning the victim" wasn't in Crim's best interest and advised him to instead "except [sic] responsibility" and "show a little remorse" if he hoped to receive a favorable sentence. *Id.* at 37.

In addressing Crim's argument that counsel's refusal to accede to his demands constituted ineffective assistance, the district court first noted that the letters Crim relied upon weren't part of the record on appeal before the OCCA when the OCCA adjudicated Crim's IAC claims. Thus, the district court ruled, it couldn't consider

Crim's argument that counsel was ineffective in failing to "call the defendant's witnesses at trial." *Id.* at 13. Accordingly, we do not separately address Crim's mitigating-evidence assertion.

5

those letters in reviewing the OCCA's decision. *See Pinholster*, 563 U.S. at 180–81 (holding that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits"). And because Crim failed to identify any witnesses other than those listed in his letter, the district court concluded that Crim failed to show the OCCA's resolution of this claim satisfied § 2254(d)(1).

Notably, in seeking a COA, Crim fails to challenge the district court's ruling that it couldn't consider the extra-record letters in reviewing the OCCA's decision. Thus, we likewise disregard these letters in resolving Crim's COA request. *See Pinholster*, 563 U.S. at 180–81. Further, Crim again fails to identify any witnesses other than those listed in his letter that might provide support for this claim. Accordingly, to the extent Crim argues that trial counsel was ineffective in failing to file a witness list and in failing to interview or call "defendant's witnesses" at trial, he isn't entitled to a COA on either basis. Aplt. Br. 13; *see also Slack*, 529 U.S. at 484.

To the extent Crim instead asserts that trial counsel performed deficiently in failing to file an exhibit list, the only specific exhibit he identifies in his COA request is a Facebook message that the victim sent to Crim. But as the district court noted, counsel elicited testimony about this Facebook message from the victim herself. And Crim offers no reason to think that presenting the Facebook message itself would have been preferable to presenting the victim's own testimony about that message. Accordingly, we see no indication that counsel performed deficiently in this regard. Indeed, counsel could have reasonably concluded that eliciting this information from

6

the victim would be more effective. *See Strickland*, 466 U.S. at 689 (noting "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance"). Likewise, even assuming counsel performed deficiently in failing to file an exhibit list and present the Facebook message instead of (or in addition to) the victim's testimony, there exists no reasonable probability that the result of the proceedings would have been different but for counsel's failure to do so. *See id.* at 694. Accordingly, Crim isn't entitled to a COA on this basis, either. *See Slack*, 529 U.S. at 484.

This disposes of Crim's first and second IAC claims—i.e., that counsel was ineffective in failing to "present[] a witness and exhibit list" and "call the defendant's witnesses at trial"—leaving only his third and fourth IAC claims—i.e., that counsel was ineffective in failing to "investigate discovery" and adequately cross-examine certain witnesses. Aplt. Br. at 13–14. The OCCA rejected these claims, concluding that Crim failed to "show[] that trial counsel's performance was constitutionally deficient." App. 7. And it further indicated that even assuming Crim could satisfy *Strickland*'s performance prong, he couldn't show prejudice because "the evidence of guilt at trial was overwhelming."[3] *Id.*; *see also Strickland,* 466 U.S. at 694. We address each of these claims below.

---

[3] Crim asserts that in referencing the overwhelming evidence of his guilt, the OCCA erroneously incorporated the strength of the case against him into its analysis of *Strickland*'s performance prong. But this argument mischaracterizes the OCCA's statement, which was meant to convey that—in light of the "overwhelming" evidence of his guilt—Crim couldn't show that, but for counsel's allegedly deficient

## II.     Failure to Investigate Discovery

Crim alleges that trial counsel was ineffective in his discovery efforts for two reasons. First, he contends that trial counsel failed to interview the prosecution's witnesses. But the only prosecution witness Crim identifies in his COA request is the nurse who conducted the victim's sexual-assault examination. Because he didn't raise this specific argument on direct appeal, we decline to address this allegation in determining whether he is entitled to a COA. *Cf. Sexton v. Beaudreaux*, 138 S. Ct. 2555, 2560 (2018) (holding that Ninth Circuit "committed fundamental error[]" in "consider[ing] arguments against the state court's decision that [petitioner] never even made in his state habeas petition").

Second, Crim asserts that trial counsel was ineffective in failing to investigate, obtain, and present "[d]ocumentation" showing that the victim "had previously falsely accused another [individual] of rape." Aplt. Br. 14. But the record establishes that trial counsel elicited this same information from the victim on cross-examination. Thus, the OCCA's conclusion that Crim failed to show "trial counsel's performance was constitutionally deficient" isn't contrary to or an unreasonable application of *Strickland*. App. 7; *see also* § 2254(d)(1). And because reasonable jurists therefore wouldn't find the district court's resolution of Crim's discovery claim debatable, Crim isn't entitled to a COA on this basis. *Slack*, 529 U.S. at 484.

---

performance, there existed any "reasonable probability of a different result at trial." App. 7.

## III. Inadequate Cross-Examination

Finally, Crim contends that trial counsel was ineffective in failing to adequately cross-examine the victim.[4] The district court rejected this argument, concluding that trial counsel "vigorously" cross-examined the victim and that trial counsel's "decision not to berate [the victim] further was a reasonable choice." App. 184–85.

In requesting a COA to appeal the district court's resolution of this claim, Crim makes no effort to challenge the district court's conclusion that Crim failed to show trial counsel performed deficiently in cross-examining the victim. Instead, he suggests the even assuming trial counsel's cross-examination of the victim was constitutionally adequate, it was nevertheless "lack luster [sic]" and therefore prejudiced him. Aplt. Br. 17. But "[t]he Sixth Amendment guarantees reasonable competence, not perfect advocacy." *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003). Thus, in light of Crim's failure to challenge the district court's ruling that counsel's cross-examination of the victim didn't violate that guarantee, Crim isn't entitled to a

---

[4] On direct appeal and in his § 2254 petition, Crim also alleged that trial counsel was ineffective in failing to cross-examine Jackie Smith, the school records custodian. But because he fails to raise this argument in his COA request, we treat it as waived and decline to consider it. *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018), *cert. denied*, No. 18-6264, 2019 WL 113261 (U.S. Jan. 7, 2019). Conversely, although Crim now alleges that trial counsel was ineffective in failing to adequately cross-examine the nurse who conducted the victim's sexual-assault examination, he didn't raise that argument on direct appeal. Accordingly, we decline to address this allegation as well. *Cf. Beaudreaux*, 138 S. Ct. at 2560 (holding that Ninth Circuit "committed fundamental error[]" in "consider[ing] arguments against the state court's decision that [petitioner] never even made in his state habeas petition").

COA to appeal the district court's resolution of this claim. *See Slack*, 529 U.S. at 484.

## Conclusion

Because Crim fails to make "a substantial showing of the denial of a constitutional right," we deny Crim's COA request and dismiss this matter. § 2253(c)(2).

Entered for the Court

Nancy L. Moritz
Circuit Judge